DLD-243                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2288
_____

LENELLE GRAY,
Appellant

v.

B.A. BLEDSOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-2194)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed: July 29, 2011)
_____

OPINION
_____

PER CURIAM

Lenelle Gray, a federal prisoner proceeding pro se, appeals from the district

court's order dismissing his petition filed pursuant to 28 U.S.C. § 2241.  Because his

appeal presents no substantial question, we will summarily affirm the district court's

order.  *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In 2005, Gray pled guilty to two counts of possession with intent to distribute cocaine, and one count of using a firearm in a drug trafficking offense, violating 18 U.S.C. § 924(c), in the United States District Court for the Northern District of Ohio, Eastern Division. (N.D. Oh. 05-cr-00143.) It appears that he voluntarily dismissed his direct appeal in October 2006. In July 2009, Gray filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the Northern District of Ohio. The motion was dismissed as untimely, and the United States Court of Appeals for the Sixth Circuit denied Gray's request for a certificate of appealability on April 1, 2010.

Gray is currently confined in the United States Penitentiary at Lewisburg, Pennsylvania. On October 25, 2010 he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. He argues that pursuant to *United States v. Lopez*, 514 U.S. 549 (1995), he was wrongfully convicted of violating 18 U.S.C. § 924(c) because he merely possessed the firearm at issue.[1] He asserts he committed a state, rather than federal, offense

---

[1] *Lopez* invalidated the Gun-Free Schools Zones Act, determining that it was unconstitutional because it "neither regulate[d] a commercial activity nor contain[ed] a requirement that the possession [of a firearm] be connected in any way to interstate commerce." 514 U.S. at 551. Accordingly, the Supreme Court held that the Act exceeded the authority of Congress "to regulate Commerce . . . among the several states." *Id.*

We note that conviction under 18 U.S.C. § 924(c) requires the government to show: (1) the immediate availability and physical transportation of a firearm by the defendant (2) in relation to a drug trafficking offense.

because possession of a firearm does not affect interstate commerce and that he is thus actually innocent under *Lopez*.

The district court thereafter provided Gray with a notice pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). Because Gray failed to respond to the *Miller* notice, the district court considered the petition under Section 2241. And on May 4, 2011, the district court adopted the Magistrate Judge's recommendation and dismissed Gray's petition for lack of jurisdiction, determining that Section 2241 was not the proper vehicle for bringing his claim.

Gray now appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

As the district court determined, Gray's claim is not viable under Section 2241. A federal prisoner can challenge his conviction or sentence under 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his or her detention. *Cradle*, 290 F.3d at 538; *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). This occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent" the petitioner from receiving adequate adjudication of his or her claims under § 2255. *Cradle*, 290 F.3d at 538. This exception is extremely narrow and applies only in rare circumstances. *See*, *e.g.*, *In re Dorsainvil*,

3

119 F.3d 245, 251-52 (3d Cir. 1997) (applying exception where an intervening change in the law decriminalized the conduct underlying the petitioner's conviction and he had no other opportunity to pursue his claim).

Gray asserts that he is actually innocent of violating 18 U.S.C. § 924(c) because the conduct for which he was arrested was a state crime and the firearm did not implicate the Commerce Clause. Thus, he appears to argue that under *Lopez*, he was wrongfully convicted. Without regard to the substantive merit of his claim, Gray does not meet the requirements for proceeding under § 2241. As noted above, *Dorsainvil* allows relief under Section 2241 when a *subsequent* change in law renders a petitioner's conduct no longer criminal. *See Okereke*, 307 F.3d at 120-21. However, as the district court explained, Gray was convicted ten years after *Lopez* was decided. Accordingly, there was no intervening change in the law that decriminalized the conduct for which Gray was convicted.

Finally, Gray has not demonstrated that § 2255 is an "inadequate or ineffective" method by which to make his challenge. *See Cradle*, 290 F.3d at 538. The Northern District of Ohio dismissed Gray's first § 2255 motion as untimely, making it likely that Gray would encounter hurdles in filing a second § 2255 motion. However, we have repeatedly held that a prisoner's inability to meet § 2255's stringent gatekeeping requirements does not render it inadequate or ineffective. *Id.* at 538-39 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.").

4

For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the district court's judgment.  *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.